IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

Christopher B. Stout                     :
2562 Village Brook Lane                  :
Hilliard, Ohio 43026                     :          Case No. 15-2812
            Plaintiff,       :
                                        :
v.                                       :
                                        :
The United States of America,            :
            Defendant.       :

## ORIGINAL COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

      Plaintiff, Christopher B. Stout, by and through his counsel, Thomas P. Sexton, now comes before this Court and complain of the United States Government as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. Plaintiff, Christopher B. Stout, resides at 2562 Village Brook Lane, Hilliard, Ohio 43026, and thus is a resident of the Southern District of Ohio.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages and compensation for personal injury, emotional distress and permanent mental anguish caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of Ohio.

3. Venue is proper under 28 U.S.C. §1402(b) as the Plaintiff resides in the Southern District of Ohio.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the Department of Veterans Affairs, Office of Regional Counsel, 441 Wolf Ledges Parkway, Suite 403, Akron, Ohio 44311. Attached hereto and titled "Exhibit 1" is the administrative claim with attachments.

6. On May 1, 2015, the Department of Veterans Affairs, Office of Regional Counsel responded to Plaintiff by denying his administrative claim and stating he could file suit under the Federal Tort Claims Act within six months of the mailing of the notice. Attached hereto and titled "Exhibit 2" is the denial letter sent to Plaintiff.

## EVENTS FORMING THE BASIS OF THE CLAIMS

7. On or about October 25, 2012, Plaintiff, Christopher B. Stout, was transported from the Veterans Affairs Medical Center in Columbus, Ohio, to Veterans Affairs Medical Center Dayton ( hereinafter referred to as "VAMC Dayton"), located at 4100 West Third Street, Dayton, Ohio 45428.

8. On or about the first week of November while Plaintiff was in the custody, care, and control of VAMC Dayton he was repeatedly subjected to sexual contact and offensive touching of a sexual nature by a VAMC employee without his consent.

9. At all times relevant, while Plaintiff was in the custody, care, and control of VAMC Dayton he was prescribed and administered medication which substantially impaired his judgement and control by employees of the VAMC Dayton, including employee Patricia Poling a

licensed practical nurse ("LPN"). Said medications made him vulnerable to the unwanted assaults of employees of VAMC Dayton.

10. At all times Plaintiff was in the custody, care, and control of VAMC Dayton he was suffering from depression and suicidal thoughts which made him vulnerable to the unwanted assaults of employees of VAMC Dayton, all of whom knew or should have known of Plaintiff's condition.

11. On or about the first week of November, 2012, Licensed Practical Nurse ("LPN") Patricia Poling, an employee of the VAMC Dayton, did have sexual contact with and commit repeated, unwanted acts of offensive touching of a sexual nature upon Plaintiff without his consent.

12. On or about the first week of November, 2012, LPN Poling told Mr. Stout she loved him.

13. On or about the first week of November, 2012, Plaintiff complained of LPN Poling's unwanted assaults against him to other VAMC Dayton employees.

14. On or about the first week of November, 2012, VAMC Dayton employees witnessed some of the acts of unwanted sexual assault against Plaintiff.

15. After Plaintiff's release from the VAMC Dayton, LPN Poling continued to make unwanted phone and personal contact with Plaintiff.

16. After Plaintiff's release from the VAMC Dayton, LPN Poling attempted to engage Plaintiff in illegal activities, which were refused by Plaintiff.

17. Plaintiff further repeatedly requested LPN Poling to cease her communications with him.

18. On or about November 5, 2012, LPN Poling did make personal contact with Plaintiff in Hilliard, Ohio where she again requested Plaintiff perform illegal acts on her behalf and to make inappropriate sexual advances towards him.   Again, Plaintiff refused her requests and

demanded that she cease contact with him.

19. LPN Poling continued to contact Plaintiff by way of telephone communications over his objections even into the first week of December 2012.

20. On or about November 16, 2012, Plaintiff informed a Columbus VA Police Officer what had occurred while he was a patient the VAMC Dayton.

21. Plaintiff told the Columbus VA Police Officer that on November 9, 2012, a VAMC Dayton employee informed him that LPN Poling was at a party and announced to her co-workers that she was dating a patient.

22. On or about November 17, 2012, the Dayton VA Police Department began investigating Plaintiff's claims and interviewing several of those employees who were involved or had knowledge of the incidents.

23. During the course of their investigation, one VAMC Dayton employee made statements to the VA Police that she observed some of LPN Poling's conduct toward Plaintiff and it made her uncomfortable.

24. On November 23, 2012, in a statement made to VA Police a VAMC employee stated after Plaintiff's discharge that LPN Poling announced she had a new boyfriend and that it was Plaintiff.

25. On November 23, 2012, the same employee stated that Plaintiff had confided in at least one employee regarding the unwanted contact from LPN Poling while in the care, custody and control of VAMC Dayton.

26. Additionally, that same employee advised the Dayton VA Police that LPN Poling had previously fostered a relationship with a former patient and that LPN Poling saw the former patient socially and that the former patient would frequently (several times per shift) call the

unit whenever LPN Poling was working.

27. The actions of the VAMC Dayton employees constituted repeated sexual assault, gross sexual imposition, sexual imposition, medical malpractice, breach of duty of care, negligent hiring, negligent retention, and negligent supervision of employees. As a result of these heinous actions Plaintiff fears returning to any VAMC, his sole source of healthcare, and has suffered personal injury, as well as permanent emotional and psychological distress.

## FIRST CLAIM-NEGLIGENT HIRING/RETENTION/SUPERVISION

28. Plaintiff incorporates by reference herein all allegations set forth above.

29. All of the employees involved in these claims are employees of the VA therefore an employment relationship exists between the employees and the United States Government.

30. Several of the employees, including LPN Poling (the only employee whom Plaintiff is currently able to identify by name) were incompetent in their job duties.

31. The VA had actual or constructive knowledge of the employees' incompetence because many of the VA staff, including supervisory staff, was aware of the conduct of LPN Poling regarding Plaintiff as well as her previous relationships with another former patient.

32. LPN Poling's intentional conduct towards Plaintiff and other employee's failure to report such outrageous conduct caused Plaintiff's injuries, both physical and psychological.

33. But for the VA continuing to employ LPN Poling, despite knowledge of her former inappropriate behavior towards patients, Plaintiff would not have been a victim of sexual assault, gross sexual imposition, and sexual imposition while in the care of the VAMC Dayton. Additionally, but for the VA employee's failure to report LPN Poling's inappropriate behavior Plaintiff would not have been repeatedly and continuously sexually assaulted and harassed after his discharge from VAMC Dayton.

34. Mr. Stout has suffered damages as a result of the negligent hiring, supervision, and retention of multiple VAMC Dayton employees.

35. The acts or omissions set forth above would constitute a claim under the laws of the State of Ohio.

36. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## SECOND CLAIM-NEGLIGENCE

37. Plaintiff incorporates by reference herein all allegations set forth above.

38. The Defendant had a duty to provide Plaintiff ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with their superior learning and expertise.

39. The Defendant breached its duty of care to Plaintiff.

40. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standard of care to its patients, including Plaintiff. The Defendant knew or should have known that the medical staff of the facility was not properly trained and/or supervised, in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent mental health care providers; and was consistent with the expertise that the Defendant had in light of its superior learning and expertise.

41. The Defendant breached its duty owed to Plaintiff by negligently hiring incompetent, inexperienced or unqualified operators, administrators, employees, agents and staff.

42. The Defendant breached its duty owed to Plaintiff by negligently retaining incompetent, inexperienced or unqualified operators, administrators, employees, agents and staff.

43. The Defendant breached its duty owed to Plaintiff by negligently supervising incompetent, inexperienced or unqualified operators, administrators, employees, agents and staff.

44. As a direct and proximate result of Defendant's negligence, Plaintiff experienced personal injury and permanent mental and psychological trauma and other damages, which will be more fully set forth at the trial of this matter.

45. The acts or omissions set forth above would constitute a claim under the laws of the State of Ohio.

46. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## **THIRD CLAIM-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47. Plaintiff incorporates by reference herein all allegations set forth above.

48. LPN Poling's conduct toward Plaintiff was so outrageous in character, so extreme in degree, as to go beyond all bounds of decency. At all times relevant, Plaintiff was under the influence of medication prescribed and administered to him by Defendant and or its agents, which substantially impaired his judgement or control.

49. At all times relevant, LPN Poling and other agents of the Defendant, knew or should have known, that their actions would result in severe emotional distress to Plaintiff.

50. Plaintiff states that as a direct and proximate result of the actions of the Defendant and its agents, Plaintiff has suffered severe emotional and psychological anxiety and stress, along with emotional and psychological pain and suffering, causing him permanent damage and affecting his health and well-being at present and into the indefinite future.

51. Plaintiff states that as a direct and proximate result of the actions of the Defendant and its agents, Plaintiff was required to obtain psychological care and treatment and to expend sums of money thereon, and he will continue to require further psychological care and treatment

and pay additional sums of money therefor in the future.

52. The Defendant, as LPN Poling's employer and its conduct, did intentionally inflict emotional distress upon said Plaintiff, and is liable for LPN Poling's conduct which occurred on premises owned by the Defendant.

53. The acts or omissions set forth above would constitute a claim under the laws of the State of Ohio.

54. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## FOURTH CLAIM-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff incorporates by reference herein all allegations set forth above.

56. Plaintiff states that his emotional anxiety and distress are a reasonably foreseeable result of Defendant's conduct.

57. Plaintiff states, in the alternative, Defendant, by its conduct, negligently inflicted emotional distress upon said Plaintiff.

58. The acts or omissions set forth above would constitute a claim under the laws of the State of Ohio.

59. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and against the United States Government as follows:

60. $850,000 for damages resulting from the actions of employees of the United States Government.

61. Costs and attorney's fees incurred in this civil action, together with such further additional

relief at law or inequity that this Court may deem proper.

Respectfully submitted,

/s/ Thomas P. Sexton
Thomas P. Sexton      0051863
Attorney for Plaintiff
580 South High Street
Suite 130
Columbus, Ohio 43215
614-221-4788
tsexton@legalprac.com