IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER B. STOUT,**

      **Plaintiff,**

   v.                                     Civil Action 2:15-cv-2812
                                                  Judge George C. Smith
                                                  Magistrate Judge Jolson

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

## REPORT AND RECOMMENDATION AND ORDER

On September 10, 2015, Plaintiff filed a complaint under the "Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages and compensation for personal injury, emotional distress and permanent mental anguish caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office and employment…." (Doc. 1 at ¶ 2). More specifically, Plaintiff alleges negligent hiring, retention, and supervision (Count One), negligence (Count Two), intentional infliction of emotional distress (Count Three), and negligent infliction of emotional distress (Count Four) arising from "sexual contact and offensive touching of a sexual nature . . . without his consent" by Patricia Poling, a licensed practical nurse ("LPN") at Veteran Affairs Medical Center Dayton ("VAMC Dayton"). *Id.* at ¶ 8.

On March 15, 2016, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). Defendant seeks dismissal of Count One and Count Two of the complaint

on the ground that they allege malpractice without attaching an "'affidavit of merit' required by Ohio R. Civ. P. 10(D)(2)…." *Id.* at 2. As to Count Three and Count Four of the complaint, Defendant states that they are "based upon or arise from Nurse Poling's sexual assault" and "are subject to dismissal for lack of subject matter jurisdiction because the United States is not liable under the FTCA for conduct that falls outside of a federal employee's scope of employment and/or for conduct that constitutes assault and battery." *Id.* (citing 28 U.S.C. §§ 1346(b)(1), 2680(h)).

Twenty-one days later, on April 5, 2016, Plaintiff filed an amended complaint, attaching an affidavit of merit, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (Doc. 14). On April 20, 2015, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (Doc. 15). In the Opposition, Plaintiff argues, *inter alia*, that the affidavit of merit attached to the amended complaint renders the Motion to Dismiss as to Count One and Count Two moot. *Id.* at 2. Plaintiff also argues that he has alleged sufficient facts in Count Three and Count Four to overcome the Motion to Dismiss. *Id.* at 7.

On April 25, 2016, Defendant filed an unopposed motion requesting an extension of time to file a Reply Brief in support of its Motion to Dismiss. (Doc. 16). However, because the amended complaint supersedes the original complaint and is the "legally operative complaint," the Motion to Dismiss the original complaint should be denied as moot. *National City Capital Co., LLC v. Caliber Homes, LLC*, No. C-1-08-468, 2009 WL 528256, at *2 (S.D. Ohio Mar. 2, 2009) (citations omitted). Consequently, the Court DENIES Defendant's Motion for an Extension of Time. Further, the Court RECOMMENDS that Defendant's Motion to Dismiss be DENIED as moot.

Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are

due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date:  April 26, 2016                                          /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE