UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER STOUT,

    **Plaintiff,**

    v.

UNITED STATES OF AMERICA,

    **Defendant.**

Case No.: 2:15–CV–2812
JUDGE SMITH
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court upon Defendant the United States of America's Motion to Dismiss (Doc. 23). Plaintiff Christopher Stout responded in opposition (Doc. 25) and the United States replied in support of its Motion (Doc. 26). The Motion is now ripe for review. For the following reasons, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

This action arises out of the care and treatment of Plaintiff Christopher Stout during his stay as a patient at the Dayton Veterans Affairs Medical Center ("VAMC Dayton"). In October 2012, Plaintiff arrived at VAMC Dayton from the Veterans Affairs Medical Center in Columbus. (Doc. 14, Am. Compl. at ¶ 7).

Beginning in the first week of November 2012, Plaintiff alleges that Patricia Poling, a VAMC Dayton nurse, had "sexual contact with and commit[ted] repeated, unwanted acts of offensive touching of a sexual nature upon Plaintiff without his consent. (*Id.* at ¶ 11). During this period, Plaintiff was depressed and suicidal causing him to be on medications which left him vulnerable to the acts of Poling. (*Id.* at ¶ 10). Plaintiff alleges that during the first week of

November—when Poling's unwanted contact began—Poling told Plaintiff that she loved him. (*Id.* at ¶ 12). Plaintiff alleges that he complained about Poling's "unwanted assaults" to other VAMC Dayton employees that same week. (*Id.* at ¶ 13). Plaintiff also alleges that some unnamed VAMC Dayton employees witnessed some of Poling's actions. (*Id.* at ¶ 14). Poling's behavior made another VAMC Dayton employee uncomfortable and Poling told at least one other employee that she was dating Plaintiff. (*Id.* at ¶¶ 21, 23–25).

This was not the first time Poling had a relationship with a VAMC Dayton patient. (*Id.* at ¶ 26). Plaintiff alleges that Poling had "previously fostered a relationship with a former patient and that LPN Poling saw the former patient socially and that the former patient would frequently . . . call the unit whenever LPN Poling was working." (*Id.* at 26). Plaintiff does not allege that this earlier relationship consisted of any unwanted sexual assault by Poling. Although VAMC Dayton eventually released Plaintiff, Poling did not cease her attempts to make contact. Plaintiff alleges that Poling "attempted to engage Plaintiff in illegal activities" and sought out Plaintiff in Hilliard, Ohio, making sexual advances. (*Id.* at ¶¶ 16–18). Plaintiff does not allege that any further sexual assault occurred following his release.

Plaintiff filed a claim with the Department of Veterans Affairs in October 2014. (Doc. 14-1, Ex. 1 to Am. Compl.). The Department of Veterans Affairs denied Plaintiff's claims on May 1, 2015. (Doc. 14-2, Ex. 2 to Am. Compl.). Plaintiff then brought this suit against the United States as the operator of VAMC Dayton under the Federal Tort Claims Act ("FTCA") arguing four separate theories of liability: (1) negligent hiring, retention, and/or supervision; (2) negligence; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.

## II. STANDARD OF REVIEW

Defendant challenges the original jurisdiction of this Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) motions on subject matter jurisdiction come in two varieties: facial and factual. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged in the complaint questions the sufficiency of the pleading. *Id.* Accordingly, when reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.* However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Ultimately, "dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court" and thus a dismissal under 12(b)(1) is without prejudice. *Ohio Nat. Life Ins.*, 922 F.2d at 325.

## III. DISCUSSION

Defendant moves for dismissal, arguing that the Court has no subject matter jurisdiction over the claims in this case because Defendant is immune from suit. Defendant argues that the FTCA does not apply to the claims in the case because Poling's intentional tort occurred outside Poling's scope of employment and that all of the claims arise out of the assault and battery by Poling. Plaintiff argues that Poling may have been acting within the scope of her employment when assaulting Plaintiff and that he needs discovery to determine if that is the case. Plaintiff also argues that his claims do not arise out of the assault and battery committed by Poling.

It is a well-settled principle that the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *Mackey v. United States*, 247 F. App'x

641, 643 (6th Cir. 2007) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The FTCA grants a limited waiver of sovereign immunity and allows tort claims to be brought against the United States 'in the same manner and to the same extent as a private individual under like circumstances.'" *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004), *cert. denied*, 544 U.S. 948 (2005) (quoting 28 U.S.C. § 2674). The FTCA allows claims:

> against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. Defendant argues that the "within the scope of his office or employment" language bars some of the claims in this case and an exception to the waiver of immunity for "[a]ny claim arising out of assault [or] battery . . . " applies to all of Plaintiff's claims. 28 U.S.C. § 2680(h). The Court will address each of Defendant's arguments below.

A.  **Scope of Employment**

First, Defendant argues that Poling's sexual assaults were outside of the scope of her employment and thus any claims which seek liability based on her actions do not result in jurisdiction for this Court under the FTCA. Plaintiff argues that it is unknown if Poling was acting within the scope of her employment and asks for additional discovery to determine if that is the case. Defendant replies that "if Nurse Poling's intentional tort could be considered outside the job description of a LPN, her supervisors' instruction or authorization to engage in an intentional tort is no less outside their job description as a health care provider/administrator." (Doc. 26, Reply at 5).

The determination of the scope of employment "is governed by the law of the state in which the conduct at issue occurred." *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996). Under Ohio law, for an employee to be acting within her scope of employment, the

behavior giving rise to the tort must be calculated to facilitate or promote the business for which the agent was employed. *Evans v. Thrasher*, 1st Dist. No. C-120783, 2013-Ohio-4776, ¶ 20 (citing *Byrd v. Faber*, 57 Ohio St. 3d 56, 58, 565 N.E.2d 584 (1991)). As Defendant suggests, Plaintiff does not allege that that there is some set of circumstances which "would re-characterize Nurse Poling's alleged sexual assault as an act within the scope of her employment," in either the Amended Complaint or the Memorandum in Opposition. (Doc. 26, Reply at 4). The *Evans* court agrees with Defendant, finding that "[a] sexual assault by an employee upon a patient would in no way facilitate [a] hospital's business." *Evans*, 2013-Ohio-4776, ¶ 21 (granting motion to dismiss for failure to state a *respondeat superior* liability claim where worker at defendant hospital sexually assaulted a patient). The Court agrees with *Evans*. There is no set of facts alleged in the Amended Complaint which, even if true, would show that a sexual assault of a patient was calculated to promote or facilitate the business of a hospital. Accordingly, the FTCA does not apply to Plaintiff's claims which allege damage specifically caused by Poling's conduct because there are no factual allegations that the sexual assault occurred within the scope of Poling's employment.

**B.    The Assault and Battery Exception**

The parties agree that the assault and battery exception applies to any claims which arise out of Poling's sexual assault of Plaintiff. Plaintiff, however, argues that his claims do not arise out of Poling's sexual assault, but rather, that "the negligence of Government employees other than Nurse Poling, who allowed the foreseeable assault and battery to occur, furnish a basis for the Defendant's liability that is entirely independent of Nurse Poling's employment status." (Doc. 25, Mem. Opp. at 7).

Although the statute's use of the terms "any" and "arising out of" both seem to indicate that courts should read the exception broadly, the Sixth Circuit has noted that, based on Supreme

Court precedent, "it is clear that the intentional tort exception does not apply to liability that is independent of the intentional tortfeasor's status as a government employee." *Wilburn v. United States*, 616 F. App'x 848, 859 (6th Cir. 2015) (citing *Sheridan v. United States*, 487 U.S. 392, 401; *see also Cline v. United States*, 13 F. Supp. 3d 868, 875 (M.D. Tenn. 2014) (applying exception to negligent supervision and retention claims which were premised "solely upon the unique employment relationship" between the tortfeasor and the United States).  The court in *Cline* collected cases and determined that "the United States may be held liable for negligence under the FTCA where the United States owed and breached a duty *independent of its duty to supervise* the tortfeasor who perpetrated the assault and battery."  *Cline*, 13 F. Supp. 3d at 873 (emphasis added).  In *Wilburn*, the Sixth Circuit cited *Cline* positively and held that the assault and battery exception "blocks claims based on a duty owed to [a plaintiff] that simply amount to a negligent supervision or training of [the tortfeasor] . . . ."  *Wilburn*, 616 F. App'x at 859.

Plaintiff argues that the first and second claims in his Amended Complaint allege "that the negligence of other employees of the Defendant allowed these foreseeable acts of assault and battery to occur upon him."  (Doc. 25, Mem. Opp. at 9).  Controlling precedent is clear that the FTCA blocks negligent supervision and training claims.  *Wilburn*, 616 F. App'x at 859.  Accordingly, the FTCA does not waive Defendant's immunity for Plaintiff's claims that Defendant committed negligence in the hiring, retention, and supervision of Poling and in the hiring, retention, and supervision of employees other than Poling who should have supervised Poling because those claims all arise out of Poling's alleged sexual assault.

However, even beyond the negligent hiring, supervision, and retention claims, the remaining claims in this case are essentially that Plaintiff was assaulted by Defendant's employee and that Defendant should have prevented it.  Unlike other cases in which courts have

allowed assault claims to proceed, Poling's access to Plaintiff arose because of her employment relationship not from "the mere fact that [she] happened to be [a] . . . federal employee." *Sheridan*, 487 U.S. at 402. Unlike the incident in *Sheridan* where the tortfeasor was an off-duty federal employee, Poling's alleged sexual assaults took place at VAMC Dayton while she was working for VAMC Dayton. *Id.* For the FTCA to provide jurisdiction, the liability must be independent of the tortfeasor's employment status. *Wilburn*, 616 F. App'x at 859. Such was the claim in *Mackey*, where the Sixth Circuit found that the FTCA's assault and battery exception would not apply where a postal worker shot a fellow worker if the Postal Service had an independent duty to warn the deceased employee of threat of harm from a third party who happened to be a fellow employee. *Mackey*, 247 F. App'x at 642, 645. The Sixth Circuit did not find such a duty and thus, dismissed the case. *Id.* at 648. The allegations of liability in this case cannot be divorced from Poling's employment with the Defendant because the Amended Complaint premises the Defendant's liability on the damage caused by Poling's assault for all of the claims. Accordingly, the FTCA does not provide jurisdiction for the Court to consider the claims in this case, all of which arise out of the alleged sexual assault committed by Poling while employed at VAMC Dayton.

## IV.     CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED**. Accordingly, this action is **DISMISSED without prejudice**. The Clerk shall **REMOVE** Document 23 from the Court's pending motions list and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

  /s/ George C. Smith          
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**